UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DELL TECHNOLOGIES INC., DELL INC., and MICROSOFT CORPORATION, <br><br> Defendants. | Civil Action No. 1:22-cv-973-RP <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS
PENDING *EX PARTE* REEXAMINATION**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... iii

II. BACKGROUND ............................................................................................................. 2

III. LEGAL STANDARD ...................................................................................................... 3

IV. ARGUMENT ................................................................................................................... 3

    A. Polaris Will Not Suffer Any Undue Prejudice or Clear Tactical Disadvantage. ............................................................................................... 4

    B. A Stay Will Significantly Simplify the Issues in This Case. .................................. 6

    C. This Case Is in Its Early Stages and a Stay Would Save the Parties and Court Significant Resources. ................................................................................. 7

V. CONCLUSION ................................................................................................................ 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*AGIS Software Dev. LLC v. Google LLC*,
　No. 2:19-CV-00359-JRG, 2021 WL 465424 (E.D. Tex. Feb. 9, 2021) .................................................. 3

*Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*,
　2022 WL 1447948 (W.D. Tex. Feb. 7, 2022) ....................................................................................... 4

*Datatreasury Corp. v. Wells Fargo & Co.*,
　490 F. Supp. 2d 749 (E.D. Tex. 2006) ............................................................................................ 7, 8

*DynaEnergetics Eur. GMBH v. Nexus Perforating LLC*,
　2021 WL 5331746 (S.D. Tex. Nov. 16, 2021) ..................................................................................... 7

*Ethicon, Inc. v. Quigg*,
　849 F.2d 1422 (Fed. Cir. 1988) ........................................................................................................... 3

*Internet Pats. Corp. v. eBags, Inc.*,
　No. C 12-03385 SBA, 2013 WL 4609533 (N.D. Cal. Aug. 28, 2013) ................................................. 4

*Microlinc, LLC v. Intel Corp.*,
　No. 2:07-CV-488TJW, 2010 WL 3766655 (E.D. Tex. Sept. 20, 2010) ............................................... 4

*NFC Tech. LLC v. HTC Am., Inc.*,
　No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ............................................ 3

*Nobots, LLC v. Google, LLC*,
　No. 1:22-cv-585, Dkt. 53 (W.D. Tex. July 13, 2022) ............................................................... 1, 5, 7, 8

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
　No. 6:13-cv-384-JDL, 2014 WL5035718 (E.D. Tex. Oct. 8, 2014) ..................................................... 8

*Quartz Auto Techs. LLC. v. Lyft, Inc.*,
　No. 1:20-CV-00719-ADA, Dkt. 125 (W.D. Tex. June 24, 2022) ............................................. 3, 4, 6, 8

*Ravgen, Inc. v. Natera, Inc.*,
　No. 1:20-cv-692, Dkt. 247 (W.D. Tex. May 31, 2022) ................................................................ 4, 5, 8

*TC Tech. LLC v. Sprint Corp.*,
　No. 16-153-WCB, 2021 WL 4521045 (D. Del. Oct. 4, 2021) ...................................................... 4, 5, 6

*VirtualAgility Inc. v. Salesforce.com*,
　759 F.3d 1307 (Fed. Cir. 2014) ............................................................................................... 1, 4, 5, 6

**Statutes & Other Authorities**

35 U.S.C. § 305 ........................................................................................................................................ 6

H. R. Rep. No. 83-1307,
 *as reprinted in* 1980 U.S.C.C.A.N. 6460 ................................................................................................ 3

PTO Manual of Patent Examining Procedure 2209 ............................................................................ 2, 5

PTO Manual of Patent Examining Procedure 2261 ................................................................................ 6

**I.      INTRODUCTION**

Defendants Dell Technologies Inc., Dell Inc. (together, "Dell"), and Microsoft Corporation ("Microsoft") (collectively, "Defendants") respectfully move the Court to stay this case pending resolution of an *ex parte* reexamination filed by Microsoft in the U.S. Patent and Trademark Office ("PTO") challenging the only asserted patent in this case, U.S. Patent No. 8,223,117 ("the '117 Patent").

Under the circumstances of this case, the factors considered by this Court strongly favor a stay. First, a stay will not unduly prejudice Plaintiff Polaris PowerLED Technologies, LLC ("Polaris"). Polaris does not compete with Defendants, does not practice the asserted patent, and can be adequately compensated through monetary damages if it is shown to have suffered an injury. *See VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). Second, the reexamination is likely to simplify the issues presented. Since the reexamination challenges all asserted claims, the reexamination may reduce or eliminate the need to litigate the asserted claims. Third, this case is in its very early stages. This case was recently transferred from the Waco Division of the Western District of Texas. Apart from transfer-related discovery, the only discovery that has occurred is the exchange of initial infringement and invalidity contentions, and documents accompanying those contentions. All other discovery was stayed pending the *Markman* hearing pursuant to Judge Albright's rules. The parties have not exchanged proposed claim constructions or filed any *Markman* briefs. Nor has the Court set a new schedule or trial date after transfer. Staying the case now would conserve both the Court's and the parties' resources.

The Court recently stayed a case pending resolution of an IPR in a nearly identical posture. *See Nobots, LLC v. Google, LLC*, No. 1:22-cv-585, Dkt. 53 (W.D. Tex. July 13, 2022) (attached as Ex. A). It should do the same here.

1

## II.     BACKGROUND

Polaris filed the Complaint in this action on March 10, 2022, alleging that Defendants infringe the '117 Patent. Dkt. 1.

In June 2022, Defendants Dell and Microsoft each filed a motion to transfer from the Waco Division of the Western District of Texas to the Austin Division. Dkt. 42; Dkt. 51. On August 22, 2022, Polaris agreed to a transfer to the Austin Division. Dkt. 55. The transfer was granted by Judge Albright on September 21, 2022. Dkt. 57.

Prior to the transfer, Polaris served its infringement contentions (and accompanying document production) on May 31, 2022, and Defendants served their invalidity contentions (and accompanying document production) on July 25, 2022. Pursuant to Judge Albright's standing order governing proceedings in patent cases, no other discovery was permitted prior to the *Markman* hearing, except discovery related to the transfer motions or to claim construction[1]. After Polaris agreed to the transfer, the parties did not exchange claim constructions or file *Markman* briefs. This Court has not yet set a new schedule for the case.

On October 7, 2022, Defendant Microsoft filed an *ex parte* reexamination request of the '117 Patent alleging that all of the asserted claims identified by Polaris in its infringement contentions (claims 1-7, 9, and 15-18) are invalid. *See* '117 Patent Reexamination Request (Ex. B); Polaris Infringement Contentions — Cover Pleading at 2 (Ex. C). The PTO will issue its decision on the reexamination request by no later than January 9, 2023. PTO Manual of Patent Examining Procedure ("MPEP") 2209. The PTO grants requests for reexamination in 92% of all cases. PTO, *Ex Parte* Reexamination Filing Data – September 30, 2020 at 1 (Ex. D).

---

[1] No claim construction discovery has occurred.

2

**III.     LEGAL STANDARD**

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (internal citations omitted). As the legislative history of the reexamination statute explains, reexamination is especially proper where the PTO can provide a less expensive alternative to litigation. H. R. Rep. No. 83-1307, *as reprinted in* 1980 U.S.C.C.A.N. 6460, 6463 (explaining that reexamination is meant to provide a "useful and necessary alternative for challengers and for patent owners to test the validity of United States patents in an efficient and relatively inexpensive manner").

"In deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *AGIS Software Dev. LLC v. Google LLC*, No. 2:19-CV-00359-JRG, 2021 WL 465424, at *2 (E.D. Tex. Feb. 9, 2021) (citing *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)); *see also Quartz Auto Techs. LLC. v. Lyft, Inc.*, No. 1:20-CV-00719-ADA, Dkt. 125, at 2 (W.D. Tex. June 24, 2022) (attached as Ex. E). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015).

**IV.     ARGUMENT**

Under the circumstances of this case, the factors considered by the Court all weigh in favor of a stay pending resolution of the *ex parte* reexamination.

### A. Polaris Will Not Suffer Any Undue Prejudice or Clear Tactical Disadvantage.

Polaris will not suffer any undue prejudice or tactical disadvantage from a stay. Because Polaris "does not produce products on its patent[] or otherwise compete with [Defendants], a stay will not unduly prejudice" Polaris's interests. *Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*, 2022 WL 1447948, at *2 (W.D. Tex. Feb. 7, 2022); *see also Microlinc, LLC v. Intel Corp.*, No. 2:07-CV-488TJW, 2010 WL 3766655, at *2 (E.D. Tex. Sept. 20, 2010) (no prejudice where there was "no risk of customer losses or of injury to market share during a stay"); *TC Tech. LLC v. Sprint Corp.*, No. 16-153-WCB, 2021 WL 4521045, at *9 (D. Del. Oct. 4, 2021) (Bryson, J.) (emphasizing that non-practicing entities "do[] not participate in the relevant market and will not suffer any loss of market share or erosion of goodwill due to a stay"); *Internet Pats. Corp. v. eBags, Inc.*, No. C 12-03385 SBA, 2013 WL 4609533, at *6 (N.D. Cal. Aug. 28, 2013) (holding a patentee could not "legitimately claim any prejudice resulting from a stay" because "it is a non-practicing entity whose business consists solely of licensing and otherwise enforcing its patent portfolio") (internal citation omitted).

A stay also will not prejudice Polaris because its "ability to recover monetary damages, to the extent it is able to prove infringement of any surviving claim, will not be affected by the reexamination." *Quartz Auto Techs.*, No. 1:20-CV-00719-ADA, Dkt. 125 at 3 (Ex. E); *see also VirtualAgility*, 759 F.3d at 1318 (A "stay will not diminish the monetary damages to which [a patentee] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy.").

In addition, as this Court has previously held, where a patentee has not sought a preliminary injunction—as is the case here—this weighs against a finding of undue prejudice. *Ravgen, Inc. v. Natera, Inc.*, No. 1:20-cv-692, Dkt. 247, at 3 (W.D. Tex. May 31, 2022) (attached as Ex. F); *see*

4

*also VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) (noting that plaintiff's choice not to request preliminary injunction weighed against claim that plaintiff was unduly prejudiced).

Polaris's delay in filing suit against Defendants also weighs against any claim of undue prejudice. *See VirtualAgility*, 759 F.3d at 1319 (holding that plaintiff's waiting nearly a year after the asserted patent issued to file suit against the defendants weighed against claims of undue prejudice from stay); *Ravgen*, No. 1:20-cv-692, Dkt. 247 at 3 (Ex. F) (finding claims of undue prejudice unpersuasive where patentee did not file suit against the defendants until years after the accused products were first launched). Polaris first acquired the '117 Patent in January of 2018, over four years before it filed suit against Defendants. *See* '117 Patent Record of Assignments (Ex. G). Nor can Polaris claim any reasonable delay due to the launch of Defendants' products; Polaris's infringement contentions identify products purportedly infringing the '117 Patent which launched as early as 2015. *See* Polaris Infringement Contentions — Excerpt of Exhibit 1 at 2 (Ex. H).[2]

Moreover, the stay may be of "modest duration." *TC Tech.*, 2021 WL 4521045, at *8. First, the PTO will issue its decision whether to grant reexamination no later than January 9, 2023. MPEP 2209 (stating decisions on request for reexamination must be made "no later than 3 months from its filing"). As this Court previously recognized in a similar matter where an *inter partes* review was not yet instituted, if the PTO chooses not to engage in reexamination of the '117 Patent, "the case will only have been stayed a matter of months and proceedings can begin again at that time." *Nobots*, No. 1:22-cv-585, Dkt. 53 at 2 (Ex. A). In such a circumstance, "a short stay of the

---

[2] For example, Polaris's infringement contentions accuse the Microsoft Surface 3, *see* Polaris Infringement Contentions — Excerpt of Exhibit 1 at 2 (Ex. H), which was released in 2015, *see Microsoft Surface*, Wikipedia, https://en.wikipedia.org/wiki/Microsoft_Surface (last updated Sept. 27, 2022).

proceedings will not unduly prejudice [the patentee]." *Id.* Second, the PTO is required by statute to conduct reexamination proceedings with "special dispatch," 35 U.S.C. § 305, and the PTO grants priority to reexamination proceedings related to litigation, MPEP 2261. Third, Polaris can expedite the reexamination process by foregoing submitting any response to the PTO's reexamination orders, or "by filing its submission[s] early without seeking an extension." *TC Tech.*, 2021 WL 4521045, at *8.

In contrast to the lack of prejudice to Plaintiffs, Defendants would suffer undue prejudice in the absence of a stay. Allowing *Markman* briefing and discovery to begin may be a waste of effort and expenses with respect to claims that the PTO may cancel. Accordingly, this factor weighs in favor of a stay.

### B.     A Stay Will Significantly Simplify the Issues in This Case.

This factor considers whether a stay would offer a simplification of the issues, rather than complete resolution of a patentee's infringement claims. *See Quartz Auto Techs.*, No. 1:20-CV-00719-ADA, Dkt. 125 at 3 (Ex. E) (citing *E-Watch, Inc. v. Lorex Canada, Inc.*, 2013 WL 5425298, at *2 (S.D. Tex. Sept. 26, 2013)). Indeed, this Court has previously granted a stay pending reexamination even where an entire asserted patent would be unaffected by the reexamination. *Id.* (finding simplification factor weighed in favor of a stay where only three of the four asserted patents were the subject of reexamination).

Here, reexamination may result in a complete resolution of Polaris's infringement claims. Each of the claims in the '117 Patent identified by Polaris in its infringement contentions has been challenged in the reexamination request, '117 Patent Reexamination Request (Ex. B). The Federal Circuit has emphasized the significance of the potential simplification factor in this context, noting that if all asserted claims are canceled then the post-grant proceedings would "dispose of the entire litigation: the ultimate simplification of issues." *VirtualAgility*, 759 F.3d at 1314.

A stay pending resolution of reexamination will simplify the issues even if only some of the claims are canceled. In addition, to the extent any claims are modified, those modifications will also impact the issues for trial and "have the potential for simplifying the[m]," since "[n]arrowing claims would commensurately simplify the issues." *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 755 (E.D. Tex. 2006).

Staying this case would also allow this Court to benefit from the expertise of the PTO, which will consider the prior art cited in the reexamination request and ultimately determine the validity of the '117 Patent. "The Patent and Trademark Office's 'findings of validity,' even if not binding, may be helpful in this court." *DynaEnergetics Eur. GMBH v. Nexus Perforating LLC*, 2021 WL 5331746, at *3 (S.D. Tex. Nov. 16, 2021) (quoting *Cameras Onsite, LLC v. Digital Mgmt Sols., Inc.*, 2010 WL 1268054, at *4 (S.D. Tex. Mar. 24, 2010)).

A review of the most recent PTO statistics shows that it is highly likely that reexamination will result in simplification of the issues in this case. Indeed, "most reexaminations result in claim amendments or cancellations." *Datatreasury Corp.*, 490 F. Supp. at 755. The most recent PTO statistics confirm that an overwhelming 92% of reexamination requests are granted by the PTO. *See* PTO, *Ex Parte* Reexamination Filing Data – September 30, 2020 at 1 (Ex. D). Approximately 79% of instituted *ex parte* reexaminations result in either the cancellation or modification of at least some claims. *See id.* at 2. Thus, in this case, the request seeking reexamination of all asserted claims of the '117 Patent presents a significant likelihood of materially simplifying the case and may entirely eliminate the issues for trial. Accordingly, this factor weighs in favor of a stay.

    **C.**    **This Case Is in Its Early Stages and a Stay Would Save the Parties and Court Significant Resources.**

The early stage of the case and status of the litigation also favors a stay. The status of this case is nearly identical to that faced by this Court in its recent *Nobots* decision. *Nobots*, No. 1:22-

7

cv-585, Dkt. 53 (Ex. A). As in *Nobots*, this case was recently transferred from Judge Albright; the parties have exchanged only preliminary infringement and validity contentions; the *Markman* briefs have not been filed; and fact discovery has not begun (other than contentions). This Court found that these facts favored a stay. *See id.* ("[A]s all stands now, no discovery has commenced nor has the Court addressed the *Markman* hearing and trial dates since the case was transferred.") (internal citation omitted).

Though the *Nobots* case involved a stay pending resolution of an *inter partes* review, these same principles apply here, and have been accepted by this Court and others in the Fifth Circuit on numerous occasions. *See, e.g.*, *Quartz Auto Techs.*, No. 1:20-CV-00719-ADA, Dkt. 125 at 3 (Ex. E) ("The parties have not completed discovery, and staying the case pending reexamination may reduce the amount of discovery required."); *Ravgen*, No. 1:20-cv-692, Dkt. 247 at 3 (Ex. F) ("[N]o scheduling order has been rendered or trial date scheduled . . . following the transfer of the case to this court. The court therefore concludes that the third factor weighs in favor of a stay."); *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-cv-384-JDL, 2014 WL5035718, at *3 (E.D. Tex. Oct. 8, 2014) (granting stay because "there remain[ed] a significant amount of work ahead for the parties and the court"); *Datatreasury*, 490 F. Supp. 2d at 755 ("Much remains to be done before this case is ready for trial. Neither the Court nor the parties have invested such resources as to make a stay pending completion of reexamination inefficient and inappropriate.").

The early stage of the proceedings in this case thus favors a stay.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to stay.

Dated: October 11, 2022                              Respectfully submitted,

*/s/ Philip Irwin*
Philip Irwin (*pro hac vice*)
pirwin@cov.com
Matthew Phelps (*pro hac vice*)
mphelps@cov.com
**COVINGTON & BURLING LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 841-1000

Ranganath Sudarshan (*pro hac vice*)
rsudarshan@cov.com
Daniel Farnoly (*pro hac vice*)
dfarnoly@cov.com
Emily Mondry (*pro hac vice*)
emondry@cov.com
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM AND SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
(903) 934-8450
Fax: (903) 934-9257

*Attorneys for Defendants Dell Technologies Inc., Dell Inc., and Microsoft Corporation*

Michael John Newton (TX. Bar No. 24003844)
Brady Cox (TX. Bar No. 24074084)
**ALSTON & BIRD LLP**
2200 Ross Avenue, Suite 2300
Dallas, Texas 75201
Phone: (214) 922-3400
Fax:    (214) 922-3899
mike.newton@alston.com
brady.cox@alston.com

9

Emily Chambers Welch (GA Bar No. 606071, *pro hac vice*)
Monique Mead (GA Bar No. 533191)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 W. Peachtree Street NE, Suite 4900
Atlanta, Georgia 30309
Telephone: (404) 881-7000
emily.welch@alston.com
monique.mead@alston.com

*Attorneys for Defendants Dell Technologies Inc. and Dell Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 11, 2022, a true and correct copy of the above and foregoing document was served via email to all counsel of record.

*/s/ Melissa R. Smith*
Melissa R. Smith

## **CERTIFICATE OF CONFERENCE**

On October 11, 2022, pursuant to Local Rule CV-7(g), counsel for Defendants sought counsel for Plaintiff's position on Defendants' motion and offered to meet and confer. Counsel for Plaintiff then confirmed that Plaintiff opposes Defendants' motion.

*/s/ Melissa R. Smith*
Melissa R. Smith