# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NOBOTS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:22-CV-585-RP |
| | § | |
| GOOGLE, LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

On June 21, 2022, Defendant Google, LLC ("Google") filed an Opposed Motion to Stay Case Pending *Inter Partes* Review of the Asserted Patents. (Dkt. 47). Plaintiff Nobots, LLC ("Nobots") filed a Response in Opposition. (Dkt. 49), and Google filed a Reply, (Dkt. 52). Having considered the parties' arguments, the Court will grant the motion to stay the case.

On June 16, 2022, Google filed two petitions for *inter partes* review of the patent claims asserted by Nobots. (Dkt. 47, at 5; Dkt. 47-2; Dkt. 47-3). Google moves to stay all proceedings in this case pending resolution of these proceedings before the Patent Trial and Appeal Board ("PTAB"). District courts generally consider three factors when determining whether to stay a matter in light of *inter partes* proceedings: (1) whether a stay will simplify the issues raised; (2) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; and (3) the status of the litigation at the time the stay is requested. *See Crossroads Sys. v. DOT Hill Sys. Corp.*, 2015 WL 3773014, at *2 (W.D. Tex. Jun. 16, 2015).

Google asserts that (1) a stay has a substantial likelihood of simplifying the issues, as the *inter partes* petitions include every patent claim at issue in the present case, (Dkt. 47, at 8–11); (2) a stay will not prejudice Nobots, as it is a newly formed company and the stay would only cause a short delay in the case, (*Id.* at 7–8); and (3) this case is in its early stages, discovery has not begun, and the

1

case will likely require a new scheduling order, (*Id.* at 11). Nobots responds that (1) there is no evidence a stay will simplify the issues as the PTAB has not yet instituted an *inter partes* review, (Dkt. 49, at 6–10); (2) a stay may delay the present proceedings anywhere from a few months to over a year, diminishing access to witnesses and other evidence, (*Id.* at 11–13); and (3) the parties are in the process of submitting their claim construction briefing, (*Id.* at 13–14).

The Court finds that the factors weigh in favor of granting a stay. Should the PTAB decide to engage in *inter partes* review, the issues in this case could be greatly simplified—however, even if the Board decides not to engage in review, the case will only have been stayed a matter of months and proceedings can begin again at that time. Further, although Google "sought *inter partes* review shortly before" the conclusion of claim construction briefing, "as all stands now, no discovery has commenced" nor has the Court addressed the Markman hearing and trial dates since the case was transferred. *See Anza Tech., Inc. v. Avant Tech., Inc.*, No. A-17-CV-01193-LY, 2018 WL 11314191, at *2 (W.D. Tex. Nov. 15, 2018). Finally, the Court finds that—should the PTAB decide not to initiate *inter partes* review—a short stay of the proceedings will not unduly prejudice Nobots. In the alternative, should the PTAB decide to initiate *inter partes* review and "some of the asserted claims survive that review, then statements and reasoning by the PTAB may be persuasive as this court construes the parties' disputed claim terms." *Id.*

For these reasons, **IT IS ORDERED** that this action is **STAYED** pending further order.

**IT IS FURTHER ORDERED** that the parties shall file status reports **every 90 days** apprising the Court of the status of the *inter partes* review.

**SIGNED** on July 13, 2022.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE